[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-10251
Non-Argument Calendar

_____

D.C. Docket No. 1:18-cr-00077-TCB-JSA-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LEONARDO KING,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(February 7, 2020)


Before WILSON, JILL PRYOR, and BRANCH, Circuit Judges.

PER CURIAM:

Leonardo King appeals the substantive reasonableness of his above-guideline 168-month total sentence for carjacking, in violation of 18 U.S.C. §§ 2119(1) and 2, and brandishing a firearm during a crime of violence, in violation of  18 U.S.C. §§ 924(c) and 2.  He argues that his sentence is substantively unreasonable.  For the following reasons, we affirm.

We review the reasonableness of a sentence under a deferential abuse-of-discretion standard.  *Gall v. United States*, 552 U.S. 38, 51 (2007).  The party challenging the sentence bears the burden of demonstrating that the sentence is unreasonable in light of the record, the 18 U.S.C. § 3553(a) factors, and the substantial deference afforded to sentencing courts.  *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015).

In reviewing the reasonableness of a sentence, we conduct a two-step inquiry, first ensuring that there was no significant procedural error, and then examining whether the sentence was substantively reasonable.  *United States v. Sarras*, 575 F.3d 1191, 1219 (11th Cir. 2009).

We evaluate substantive reasonableness by considering the totality of the circumstances and whether the sentence achieves the sentencing purposes stated in § 3553(a).  *Id.*  The district court must impose a sentence that is sufficient, but not greater than necessary, to comply with the purposes listed in § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the

2

law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct. 18 U.S.C. § 3553(a)(2); *United States v. Croteau*, 819 F.3d 1293, 1309 (11th Cir. 2016). The district court must also consider the nature and circumstances of the offense and the history and characteristics of the defendant. 18 U.S.C. § 3553(a)(1).

The weight given to any specific § 3553(a) factor is committed to the sound discretion of the district court. *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007). The district court is not required to discuss each of the § 3553(a) factors; an acknowledgement that it has considered the § 3553(a) factors will suffice. *United States v. Turner*, 474 F.3d 1265, 1281 (11th Cir. 2007). However, a district court abuses its discretion when it (1) fails to consider relevant factors that were due significant weight; (2) gives an improper or irrelevant factor significant weight; or (3) commits a clear error of judgment in considering the proper factors. *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc). The district court can rely on factors already considered in calculating the guideline range when imposing a variance. *See United States v. Amedeo*, 487 F.3d 823, 833–34 (11th Cir. 2007). "A district court's unjustified reliance on a single § 3553(a) factor may be a symptom of an unreasonable sentence," but does not mean that it is "necessarily unreasonable." *United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008) (per curiam) (internal quotation marks omitted).

We will vacate a sentence only if we are left with the "definite and firm" conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that is outside the range of reasonable sentences dictated by the facts of the case. *Irey*, 612 F.3d at 1190. We may not presume that a sentence outside the guideline range is unreasonable and must give due deference to the district court's decision that the § 3553(a) factors, as a whole, justify the extent of the variance. *Rosales-Bruno*, 789 F.3d at 1254–55. A sentence imposed well below the statutory maximum penalty is an indicator of a reasonable sentence. *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (per curiam).

Here, King fails to demonstrate that his 168-month total sentence is substantively unreasonable; we see no abuse of discretion. To start, King concedes that the district court explained its reasoning for the sentence and the upward variance in open court. Nevertheless, he argues that the sentence was unreasonable because the district court placed too much emphasis on the fact that he placed a gun to the victim's head, which made all other factors virtually irrelevant. Not so. Contrary to King's assertion, the district court placed great emphasis on not just one, but at least three factors: King's criminal history, the fact that he committed the offense while on probation, and the fact that he put a firearm to the back of the victim's head. *See* § 3553(a)(1). And the weight the court gave those three factors

4

was within its sound discretion.  *See Clay*, 483 F.3d at 743.  Even if we agreed that the district court relied primarily on the firearm-to-head factor, King fails to explain why such reliance is unreasonable.  *See Williams*, 526 F.3d at 1322.  Also, at sentencing, King admitted that his co-defendant was less culpable than he, so his conclusory argument about sentencing disparity rings hollow.  Further, the district court was entitled to rely on factors already considered in calculating the guideline range when imposing a variance.  *See Amedeo*, 487 F.3d at 833–34.  Finally, though King received a total sentence of 168 months, which was 21 months above the total advisory guideline range, that sentence was still well below the statutory maximum possible sentence of life, which indicates reasonableness.  *See Gonzalez*, 550 F.3d at 1324.  Accordingly, we affirm King's sentence.

**AFFIRMED**.